IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RANDOLPH M. GREER,** | * | |
| **Plaintiff,** | * | |
| v. | * | **CIVIL NO. JKB-20-0972** |
| **TRINITY FINANCIAL SERVICES, LLC,** | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

In this suit, Baltimore resident Randolph M. Greer brought state and federal claims against Trinity Financial Services, LLC ("Trinity"), a company that allegedly improperly sought to collect mortgage payments from Greer. (Compl., ECF No. 1.) This Court granted Greer's motion for entry of default against Trinity on August 18, 2020. (*See* ECF Nos. 15–17.) Trinity now moves to dismiss this case for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 19.) Trinity's motion is fully briefed, and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Trinity's Motion to Dismiss (ECF No. 19) will be DENIED, and the Court's entry of default as to Trinity (ECF No. 16) will be VACATED.

### *I. Background*

Greer alleges that he resides at 116 W. Lafayette Avenue in Baltimore, Maryland, a residential property to which he obtained title through an executed deed in 1993. (Compl. ¶ 12.) In 2003, Greer allegedly "executed a Deed of Trust in favor of First Alliance Bank in the principal sum of $180,000" for his residence. (*Id.* ¶ 13.) Greer was allegedly in default in 2010 and 2012, and in both of those years, the deed of trust was allegedly assigned to Wells Fargo Bank through

two separate assignments. (*Id.* ¶¶ 14–15.) Greer does not clarify when this state of default began and when—or whether—it ended.

On October 9, 2019, Trinity's attorney allegedly sent Greer an acceleration letter and a demand letter in an attempt to collect payments from Greer. (*Id.* ¶¶ 16–17.) Greer contends that the deed of trust was not properly assigned to Trinity and that Trinity's Collection Agency License expired on January 2, 2019, so "Trinity is not authorized to collect monies in Maryland." (*Id.* ¶¶ 19–20, 25.) Likewise, because Trinity's Mortgage Lenders License allegedly expired on March 2, 2017, Greer contends "Trinity is not authorized to service mortgages in Maryland." (*Id.* ¶¶ 26–27.) As a result of Trinity's actions, Greer alleges he has "suffered actual damages including late fees, corporate advances, attorney fees of $2,500.00, and emotional distress." (*Id.* ¶ 30.)

Greer sued Trinity for unjust enrichment and violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13–101 *et seq.*, and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14–201 *et seq.* (*Id.* ¶¶ 32–65.) On August 14, 2020, four months after Greer filed his Complaint, he moved for an entry of default against Trinity, which had not filed any answer or motion in response to Greer's Complaint. (ECF No. 15.) Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default as to Trinity on August 18, 2020. (ECF Nos. 16–17.)

On October 1, 2020, before the Court had cause to consider entering a default *judgment* against Trinity, Trinity filed a Motion to Dismiss for Lack of Jurisdiction. (Mot. Dismiss, ECF No. 19.) Without seeking an entry of default judgment against Trinity, Greer signed a stipulation

extending his time to respond to Trinity's motion and subsequently submitted both a response and an unauthorized surreply[1] to Trinity's motion. (*See* ECF Nos. 20, 25, 27.)

## II. *Legal Standards*

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Thus, the Court may properly grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction. *See Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

"In considering a motion to dismiss" pursuant to Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and

---

[1] Greer's surreply was filed in error because he had not secured the Court's approval to file it, and as such, the Court did not consider Greer's surreply in ruling on Trinity's motion.

3

conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

### *III. Analysis*

As a threshold matter, the Court will set aside its previous entry of default against Trinity. Upon consideration of Trinity's motion to dismiss, however, the Court will conclude that Trinity has not met its burden of establishing a lack of subject matter jurisdiction under Rule 12(b)(1). Accordingly, Greer's claims will survive dismissal at this stage.

### *A. Trinity's Default*

When a defendant "has failed to plead or otherwise defend" its case, the Federal Rules of Civil Procedure require the Clerk to enter a defendant's default. Fed. R. Civ. P. 55(a). The Clerk entered default as to Trinity in August 2020. (*See* ECF Nos. 16–17.) Before a court may enter a default *judgment*, however, a plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). In the present case, Greer has not applied for a default judgment against Trinity, so the Court need not consider whether a default judgment is warranted. In fact, Greer does not even mention Trinity's default in the parties' stipulation extending Greer's time to respond to Trinity's motion, or in Greer's response itself.[2]

Before turning to the present motion, the Court will set aside the Clerk's entry of default against Trinity. Under Federal Rule of Civil Procedure 55(c), courts retain discretion to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts' discretion under Rule 55(c) "must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987)

---

[2] Greer's only reference to Trinity's default is found in its unauthorized surreply, which the Court did not consider in evaluating Trinity's motion. Problematically, Greer's surreply asks "the Court to allow the Default Judgment to stand," despite the fact that no default *judgment* has been entered against Trinity. (Surreply to Mot. Dismiss at 4, ECF No. 27.)

4

(quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). In this case, Trinity has cured its default because there is no indication that its dilatory response, which "continued at the most for a time span of only a few months," caused any prejudice to Greer. *See Lolatchy*, 816 F.2d at 953. Because the Court has set aside its entry of default as to Trinity—and thus will not enter a default *judgment* against Trinity—the Court will next consider Trinity's motion to dismiss.

### B. *Motion to Dismiss*

At this stage, the parties' dispute centers on one question: whether Trinity is a "debt collector" under the purview of the FDCPA. *See* 15 U.S.C. § 1692a(6). Trinity claims that it cannot be a debt collector under this statute because it allegedly "owned the debt that it was trying to collect." (Mot. Dismiss at 1.) Greer—in addition to alleging that Trinity's lending and debt collection licenses are long since expired—contests the authenticity of the exhibits allegedly demonstrating Trinity's ownership of the debt in question. (Compl. ¶¶ 25–28; Opp'n to Mot. Dismiss at 3, ECF No. 25.)

Trinity argues that the Court lacks subject matter jurisdiction under Rule 12(b)(1) because Greer failed to plead the necessary elements of a FDCPA claim. (Mot. Dismiss at 5–6.) Somewhat confusingly, Greer responds by invoking the standard for motions to dismiss under Rule 12(b)(6) and arguing that his Complaint satisfied Rule 12(b)(6)'s standard. (Opp'n to Mot. Dismiss at 2–4.) In reply, Trinity insists that Rule 12(b)(6) provides "the wrong standard of review as Trinity has asserted a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction[.]" (Reply Mem. Supp. of Mot. Dismiss at 1, ECF No. 26.)

The Supreme Court has cautioned that Rule 12(b)(6) motions to dismiss should not be conflated with Rule 12(b)(1) motions. "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," courts should evaluate that limitation in the

context of a Rule 12(b)(1) motion, but "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515–16 (2006).

More specifically, the Fourth Circuit has clarified that "the subject matter jurisdiction of a federal court is not generally resolved by concluding that the plaintiff has failed to allege an element of a federal cause of action or that the plaintiff might not be able to prove an element of a federal cause of action." *Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (internal quotation marks and citation omitted) (explaining that a court does have jurisdiction when "the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another"). In close cases where it is unclear whether a question is jurisdictional, the Fourth Circuit errs on the side of treating the question as nonjurisdictional. "A district court should *assume jurisdiction* and assess the merits of the claim when the relevant facts—for jurisdictional and merits purposes—are inextricably intertwined." *Kerns v. United States*, 585 F.3d 187, 195 (4th Cir. 2009) (emphasis added).

The FDCPA does not categorize a defendant's ability to fit within statutory definitions as a jurisdictional question. On the contrary, "[t]o establish a FDCPA claim, a plaintiff must prove" several elements, including that "the defendant is a debt collector as defined by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.2 (4th Cir. 2012) (quoting *Ruggia v. Wash. Mut.*, 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)). In support of its motion, Trinity cites *Henson v. Santander Consumer USA, Inc.*, in which the Fourth Circuit held that a company that owned a debt was not a debt collector under the FDCPA. 817 F.3d 131, 134 (4th Cir. 2016).

Notably, in *Henson*, the Fourth Circuit considered a Rule 12(b)(6) motion to dismiss without questioning or even mentioning its subject matter jurisdiction under Rule 12(b)(1).

Determining whether Trinity is a debt collector will involve construing the FDCPA, in light of the facts presented by both parties, to determine whether Greer can prove this element of his federal cause of action. This kind of analysis does not fall under the purview of Rule 12(b)(1)—and may not be capable of resolution on a Rule 12(b)(6) motion either, because it involves questions of fact.

The Court will not construe Trinity's motion to dismiss as a Rule 12(b)(6) motion because Trinity insists that its motion was brought under only Rule 12(b)(1), and Greer has not had a full opportunity to brief a response to a Rule 12(b)(6) motion to dismiss.[3]

### IV. Conclusion

For the foregoing reasons, Trinity's Rule 12(b)(1) motion to dismiss (ECF No. 19) is DENIED and the Court's entry of default as to Trinity (ECF No. 16) is VACATED.

DATED this 7 day of January, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[3] Trinity will have other opportunities to argue that the Complaint fails to state a claim under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial.").